## NEIDERER v. MILLER ET AL.

1. **Practice in Supreme Court:** EVIDENCE CONFLICTING, JUDGMENT AFFIRMED. Where the question is only whether the finding of the court sitting as a jury is supported by the evidence, and the evidence is conflicting, the judgment will be affirmed.

*Appeal from Johnson District Court.*

SATURDAY, DECEMBER 9.

THIS is an action for a balance due on a promissory note executed by the defendants and one Shetler to the plaintiff. There was a trial to the court which resulted in a judgment for the plaintiff, and defendants appeal.

*S. H. Fairall* and *Boal & Jackson*, for appellants.

*Baker & Ball*, for appellees.

ROTHROCK, J.—It appears that the note in question was given for money borrowed of the plaintiff. The money was borrowed by Shetler and Miller, each taking one half. Shetler signed the note as principal for the half borrowed by himself, and Miller signed as principal for the half he borrowed, and each was considered as surety for the other, and Hanteen signed as surety for the whole amount. Shetler became insolvent, and it is claimed by defendants that they are discharged from all liability for the amount now due, by reason of two promissory notes which were given to plaintiff, with one Moses Miller as surety, under an agreement that plaintiff should look to the assets of Shetler, then in the hands of trustees, for the balance. The plaintiff denies that she was in any way a party to such an agreement. The defendants contend that, if the evidence does not show that she was originally a party thereto, she afterwards ratified it.

The case, therefore, turns upon questions of fact merely. An examination of the testimony of the witnesses discloses the ordinary case of a conflict of evidence which this court cannot be called upon to reconcile. Indeed, it appears to us that upon all the material facts there is a strong preponderance with the plaintiff. It is useless to set out or discuss the evidence. The appellee has filed in this court a certified copy of the supersedeas bond, and asks that judgment be entered against the surety therein, and it is so ordered.

AFFIRMED.

## BRANT v. CITY OF LYONS.

1. **Practice in Supreme Court:** QUESTION TO EXPERT WITNESS: EVIDENCE TO SUPPORT. Where upon an assumed statement of facts an expert witness is asked for an opinion, but objection is made upon the ground that there is no evidence of the facts assumed, this court cannot consider such objection, when the abstract does not purport to contain all the evidence.

2. **Evidence:** CROSS-EXAMINATION. Testimony as to the condition of a sidewalk some months after the injury complained of, furnished no basis for a cross-examination as to the condition of the sidewalk at the time the injury occurred.

3. ————: EXPERT TESTIMONY: LIMITATION OF. A physician may give his professional opinion as to the cause of a hemorrhage, but it is not competent for him to express an opinion as to whether or not it was occasioned by the negligence of the patient.

4. **Practice in Supreme Court:** EVIDENCE NOT CERTIFIED. Where the abstract does not purport to contain all the evidence, this court cannot consider appellant's objections that the damages are excessive and that the verdict is not supported by the evidence.

5. **Exceptions to Instructions:** TIME OF TAKING. Exceptions to instructions, which are not taken when the instructions are given nor filed within three days after the verdict (Code, § 2789), cannot be considered.

6. **Juror:** MISCONDUCT OF: AFFIDAVIT TO ESTABLISH. An affidavit that one of the jurors, whose name is not given, was heard in the ante-room of the court house, in the presence of others, to discuss the evidence in the cause on which he was sitting, but which does not set forth what was said by the juror, is too indefinite to be made the basis for setting aside the verdict.

*Appeal from Clinton Circuit Court.*

SATURDAY, DECEMBER 9.

ACTION to recover for injuries sustained on defendant's sidewalk. Jury trial. Verdict and judgment for plaintiff for $1,000. The defendant appeals.

*A. T. Wheeler* and *N. Corning*, for appellants.

*W. C. Grohe* and *L. A. Ellis*, for appellee.

*1. PRACTICE in supreme court: question to expert: testimony to support.*